Bill 5011, CNA Corporation v. United States Mr. Solemson, good morning to you. Welcome to the court. Good morning, your honor. I have a question that's very basic. I understand your argument to essentially be that the Court of Federal Claims is restricted to one of two possible categories of remedies, either injunctive remedy or bid protest costs, but never any combination of the two. But the statute, when it refers to injunctive relief and monetary relief, connects the two with the word and. So how can it be that the meaning is either or when the connecting word between the two forms of relief is and? To be clear, your honor, our view is that where the injunctive relief provides complete relief such that it makes the protester whole by permitting the protester to remain in the competition for the work the protester seeks. In that case, awarding monetary damages would be a double recovery and would be impermissible under the statute as an abuse of discretion. The reply brief says, as a matter of law, you can't have both kinds of relief. It doesn't qualify it about complete relief by injunction. It just says, if there's an injunction, there can never be bid protest costs awarded, no matter what the injunction's scope. Your honor, our heading actually in our reply brief in Section 2B is that where the trial court awarded CNA's bid prep costs for the very proposal and the very work the government and was considered for contract award, CNA's recovery of such costs would constitute a windfall. So our argument, I agree that in our opening brief we referred to the de novo standard of review when it comes to construing the statute. But our view is that a grant of monetary relief is impermissible where the injunctive relief permits the protester to remain in the competition for the very same work the protester sought. And in that case, the court may not award monetary relief. Wow. I mean, I really interpreted your briefs obviously in much the same manner as the most frivolous as I've ever seen the government make. And that argument was that this statute, which on its face is crystal clear, that you were arguing that it prevented the award of both injunctive and monetary relief without qualification. That is not our position. And I apologize if the briefs were less than clear about that. Our position is that the problem here in the case of CNA is that CNA sought to obtain an award for the Montgomery County Study Center as part of the National Children's Study Procurement. And at the end of the competition in the 2007 RFP where the judge ordered the agency to go back and conduct the new ethics review and vacated the initial ethics decision, the Montgomery County Study Center remained outstanding for award. No one had received an award for that piece of the contract. But you're saying it was the same procurement? There was a new procurement, was there not? There was a new procurement only in the sense that there was a new number on top of a new RFP. Isn't that a new procurement? We would say respectfully, Your Honor, no. I was trying to understand the windfall philosophy. I can see that if in what I will call the second procurement, the CNA had received the award, that perhaps the award of bid protest for the first one, which they lost, one would think about those costs and what's the right way to treat them. But you say there's no difference, right? There's no difference? We're saying there's no difference because take a more ordinary circumstance where... Let's use this circumstance because it's a bit extraordinary. Right, but normally where there's an order for a re-procurement, you would have the trial judge say, Government, go back and reconsider all of the proposals for an award. And in that case, I believe even CNA would concede that you can't get your bid prep costs where there's still a chance for you to receive an award for the work that's under the competition. You're saying that's this case? That's this case because the Montgomery County Study Center portion of what is a... was set up, and this is reflected in both of the trial court's published decisions, is that these study centers were being awarded in waves. And so because of this issue surrounding the ethics question with CNA's participation in the procurement for the Montgomery County Study Center, and that award not having been made in 2007, that very same work remained outstanding to be awarded by the government. But even if the scope of the work is identical in what was bid in 07 versus 08, time is money. A year has gone by. A contract that they might have started to earn money on in 07 became unavailable until 08. There are two answers to that, I believe, Your Honor. The first is... It wasn't a question. I assume there was an implied question there about the time value of the money and how that works with the... Well, when you say it's the same contract, in scope, yes, but in time, no. It's a whole year later. But that is true even under the same RFP. There's still a time delay, and even then, even in that case... Here it wasn't a few weeks or a couple months. Here it was a whole year. I'm not sure it was an entire year, Your Honor, but that is also tantamount, as the judge herself said below, that is tantamount to awarding monetary relief for lost profits. It says that there are some consequential damages that you're suffering because of some error earlier that we need to compensate you for beyond merely reinstating it. You're saying it's exactly the same work and the only difference, you said, the only difference is the bid number, the solicitation number. I'm challenging that, I guess, because I'm pointing out that in addition to a different number, it's a different year. And I don't understand you to be providing any response to the fact that it's about a year later. The trial judge actually held, in her second published decision, that the work was exactly the same. I'm not disputing that. And that the proposal was exactly the same. I'm not disputing that either. You're saying the only difference is the solicitation number. And I'm saying, no, there's also a difference in time frame of about one year. But that would happen in every re-procurement. No, it wouldn't. There takes time. It might be two weeks. But there's no indication here that a re-procurement under the 2007 RFP directly would have taken any less time or more time than... Well, what's your standard of review here? In this case, I would say that it's an abuse of discretion to award a windfall recovery. And that one of the prongs under the abuse of discretion standard is whether or not the court construed the law correctly. Do you think we should find that this district court abused her discretion when she, he, she, I don't remember who it was. Judge Horton, Your Honor. When she granted the cost of preparing the proposal that you all repeatedly would not consider. That's the abuse of discretion? The 2007 RFP, that's the abuse of discretion? Because later they were able to recycle that work product and use it for a different contract? That's the abuse of discretion? No, it's not recycled as if there was now a second pile of widgets that they could submit their proposal for. This is not a case where they could simply use their proposal and package it for a new but similar set of work. It was the exact same government requirement. So what we're saying is that fundamentally there was no difference here between the district court or the court of federal claims saying go back and reconsider under the 2007. I mean, why was it that her? There's no difference. Wait a minute. What if different people had bid in 2008? I didn't see evidence in the record that talked about who bid in 2008. Maybe these were the only people that bid in 2007 such that had you not rejected their bid they would have gotten it. But in 2008, 50 people bid. Wouldn't that make a difference? But wouldn't that make a difference, counsel? No, your honor. That would not make a difference? No, because even where... You don't think it's different if she had made you go back and reconsider this under 2007 versus 2008 in light of what could be very different factual circumstances in each one? Because whenever the court orders re-procurement, even under the same exact solicitation, the outcomes are not guaranteed. The purpose of injunctive relief at the court of federal claims and a bid protest is to preserve the opportunity of the contractor to compete for the work that it seeks. And in this case, the work remained outstanding. And so what we would ask the court to think about, for example, is her first injunction vacating the initial ethics decision. And she said to the government, go back and redo the ethics decision as we asked for in our remand motion. Why was the order to redo the ethics decision not moved? The answer is because the trial judge was well aware that the Montgomery County Study Center remained outstanding to be awarded in a new procurement. Don't you have it backwards? But for the decision of the trial judge in the bid protest, it would have been over. That is, that this applicant would have been excluded on the ethical grounds, and that would have been the end of it. And so, but for the successful protest, the first decision, the instruction to go back and review the ethical order, there would have been no re-procurement, at least on the face of this particular fact. Correct, Your Honor. Correct, Your Honor. And in that case, had there not been that order, then forbidden proposal costs would have been appropriate. But having vacated the ethics decision and commanded the government to go back and do the ethics decision again, knowing full well that the Montgomery County Study Center remained outstanding to be awarded. Because of the decision of the Code of Federal Claims. Correct. So that reinstated effectively CNA back into the procurement for that study center. And having been reinstated, and having now the opportunity to compete for the award, they cannot also receive their bid preparation costs. That is a double recovery. Because the injunctive relief is designed only to preserve, and this court has said so in the district court. Otherwise the recovery is zero. So how is this double? So what are we doubling? The double recovery is that the injunctive relief the trial court provided both gave CNA the opportunity to compete, that's one recovery, and represents what the courts have called the expectation remedy. And the other remedy is the money. And that was given in the same case. And that is the double recovery. There was fundamentally no difference here than simply telling the government to go reconsider all of the proposals in 2007 for an award. The reason why, and that's why I got back to why the only way that the relief she ordered couldn't be moved. If the Montgomery County Study Center wasn't still outstanding and she just told the government go back and redo the ethics decision, reconsider the matter, that would just be an advisory decision unless there was a point to reconsidering the ethics decision. Are you going to save any rebuttal time? Yes, your honor, I'll reserve the remaining time for rebuttal. Thank you. Good morning, your honor. May it please the court. CNAC, the Center for Naval Analysis, is a non-profit, federally funded research and development center. It is absolutely and unquestionably entitled to recover the $377,000 approximately in bid preparation costs that Judge Horn awarded. Those monies are neither punitive nor consequential damages, nor do they represent a windfall. What if she had actually issued the injunction with regard to the 2007 RFP and said no, you erred in your ethics opinion, you must consider CNA, go back and consider them in deciding who to award the contract to. Could she under that circumstance issue an injunction and say, and also give them the $377,000 it took them to do their proposal? I think under the statute, yes she could, but of course that is not what happened. Would there be an abuse of discretion if she had done that? I would respectfully submit no, but that's not the question before the court. But why wouldn't it have been an abuse of discretion if she said, I'm going to give the injunctive relief, make them consider you, and I'm going to award all the costs to prepare your proposal. Why should you get the cost to prepare your proposal if they're going to consider you and if you get a fair process, I mean, we don't give every unsatisfied bidder all the money it took them to bid the contract back. So why would that not be an abuse of discretion? Under what possible rationale could she award both under those circumstances? Well, recognizing that those are not the facts before the court in this case. The statute, I would respectfully cite your honor to the language of the statute, which the government really does not want to talk about. The statute is absolutely clear on its face. This is what it says. The court may award any relief that the court considers proper, including declaratory and injunctive. How would it be proper to award both of those with respect to the 2007 RFP? Well, your honor, again, those aren't our facts. I can't, in the context of this case, envision how that would have occurred and been proper. But all I'm pointing out to you is that the language of the statute, I think, gives the trial court substantial discretion in awarding relief in bid protest cases. There may be a circumstance in which injunctive and monetary relief is appropriate. Whether or not that's appropriate in this case is not the question before the court. Your real problem is you didn't prevail in 08, and it must have been the case as Judge Moore suggested earlier, that the reason was that there were new competitors in the competition in 08 who had not been there in 07, because the judge found that you would have won in 07 if you hadn't been wrongly disqualified. So your real complaint is I had to face new competitors in 08 that hadn't been in the competition in 07. Well, that is one of our complaints. My client is the loser here. We should have received the initial award, but for the erroneous ethics decision. Really, your argument should be that the injunctive remedy should put me back in the race against the original runners, not a later expanded group of runners. And if it only puts me with an expanded group, I'm not made whole because of the government's error in the initial competition. We are not. There was clearly two procurements. My client had to submit a different proposal for the second procurement. It had different team members. There may well have been different competitors. I'm not sure that's a fact of record. And the notion that Judge Horne concluded that the proposal was the same was preposterous. She never saw the proposal. The issue before Judge Horne is whether we had standing to challenge... Was the proposal the same? No, they were not. They were not the same. Among other things, they included different team members. Okay, apart from maybe some dates and names, was the substance of the proposal the same? I believe no, Your Honor. The scope of the study was different? The scope of the study may have been the same, but that's a different question than Judge Moore just asked me. Were the proposals the same? Well, the team members is up to you. If you want to change team members in the second bid situation, that's up to you. The government didn't force you to change team members, so if the scope of the study is the same, it starts to sound like maybe it's nearly the same procurement. Well, I don't think it is the same procurement. It was reissued as a different procurement with different competitors. I mean, what are the indicia of a procurement? One indicia is, are the same individuals or entities participating? Are the proposals the same? The answer to both of those questions in this case is no and no. And the notion that we somehow received a windfall by getting our bid and proposal costs is simply erroneous. We incurred costs for the first procurement. We incurred new and additional costs for the second procurement. What about the government's argument that you should only be able to recover the difference, not the full cost of the proposal? Well, that argument was made before Judge Horne and she rejected it. Well, I understand that, but what's wrong with that argument? Why should we also reject it? Because I think the court should give, as even the government concedes, discretion to Judge Horne's determination on that issue. And second, because that relief would not be complete relief. It would not even be close. In this circumstance, the $377,000 in bid preparation and proposal costs is not complete relief. What would have been complete relief is if the court had directed an award to us in light of the erroneous ethics decision, but Judge Horne exercised her discretion and did not do that. But the notion that we have somehow gotten a windfall or received complete relief based on Judge Horne's determination is inaccurate. The government can't seem to decide whether they can kind of vacillate back and forth between the one phrase and the other. And I would respectfully submit, Your Honor, that we received neither and that Judge Horne properly exercised her discretion, both on the merits in considering the ethics decision and in awarding the relief she did. The case got much easier when Mr. Solemson conceded that his argument wasn't based on an error of law, but only on an abuse of discretion. Because obviously, as to the discretionary element, our review is substantially deferential. On a pure question of law, it's totally de novo. He helped her out quite a bit. I thank Mr. Solemson for that and would encourage the court to affirm Judge Horne's decision. This one is absolutely clear. The statute authorized her to exercise her authority. She did so. The award is proper. It's not a windfall. We respectfully submit the court should summarily affirm. Thank you. Unless the court has further questions. All right. Mr. Solemson, two minutes. I just want to address two quick points. We don't have to imagine what the trial court did below because the trial court explicitly said that the award of bid preparation costs were based in part upon a distinct loss of potential earnings. Because even if CNA were to be successful on the 2008 solicitation, that loss cannot be recovered. The trial court also said that because they were not allowed to compete and obtain an award in 2007, CNAC has suffered financial losses. Those are both statements where the trial court reveals that it was awarding bid preparation costs as a loss of profits or the loss of the time value of the payments of the contract, but not as what bid preparation costs are supposed to be, which is an award and a reliance remedy for the reliance on what is typically phrased as the government's promise to fairly consider a bid. Would you have appealed if instead of doing what she did, Judge Horne ordered the award to go to CNA on the 07 bidding? Yes. The government's view is longstanding is that the Court of Federal Claims does not have the power to direct an award. Well, let me rephrase it. Suppose she had directed that the competition be reopened among the same competitors from 2007 with CNA added back into the mix. A form of reconstruction. Reconstruct the 2007 bid pool. Without awarding the bid preparation costs or with? I'm just asking whether you would have appealed. If that's all, if the hypothetical is that if the trial court only reconstituted the 2007 and did not award bid prep costs, then we would not have appealed. Why should her powers be curtailed because she used them circumspectly? She seemed hesitant to outright overturn the ethics ruling, although ultimately she did, but in the beginning she merely vacated it and asked that the agency revisit the issue. She was very cautious. If she had been bolder and done immediately what she did ultimately, it seems like you wouldn't have had any problem with that. Why should her powers go down because she's modest in her initial rulings? The only reason she was able to be modest was because this doesn't respond to the question. Why should her powers be more restricted when she initially exercises them modestly versus aggressively? Because the reason why they were exercised modestly is because it works. Next time the judge is just going to zap the government outright and reopen the 2007 bidding limited to the 2007 competitors. That doesn't seem like what you want or ought to want, but I think that's what you're likely to get. In the D.C. Circuit case that both parties discussed, the D.C. Circuit, back when those courts heard these types of cases, said on remand the protester has to make an election. Do they want to be reconsidered or do they want their money? Pick one or the other and we'll leave it to the district court to decide and for the protester to elect. And that is indeed a possibility that the government recognizes. But what the trial court cannot do is keep a protester in the competition, thereby fairly preserve their right to compete fairly for an award and then also pay them for it. So then does the case turn on whether we decide this is the same competition or two different competitions? I don't believe that. I mean, that's a high level abstraction that I don't think the court needs to get to. All the court needs to recognize is that the same exact work. Wait, counsel, but before I asked you why they should be penalized for being able to recycle the work and you insisted that this wasn't recycled work, this was the exact same contract, the exact same everything. Everything. Well, what if it's not the same competitors? If they would have gotten the proposal under 2007 but they won't get it under 2008, how is it really exactly the same? Because whenever a court orders the government to go back and do a re-procurement under the same solicitation, time changes, proposals change. It could be that a solicitation term changes as a result of the protest. Okay, wait. So if she hadn't joined you and forced you to go back and reconsider them under 2007, at that point, would the government have reopened and allowed all new folks to submit bids? I think that would depend, Your Honor, on the terms of the injunction and I don't know how that would have worked. But just to procure something for a need that remains outstanding, time changes the circumstances of the procurement. In particular, sometimes as a result of the protester. Challenges of solicitation term and so the solicitation changes and so people have to submit new bids to deal with the change in solicitation term and under the CNA's logic, all of the competitors should get paid now because they all have to submit new proposals and who knew what would have happened under the first one versus the second one? That's not the test. Well, the district court symbol would have happened under the first one, right? I mean, isn't there a fact-finding that CNA would have gotten the award? The finding is that they were recommended for an award and I don't know what that means per se here. That means they won the competition. They were in the number one slot when the assessment was finished. But there was the outstanding problem with the ethics decision. Sure, which the judge later ruled was not a valid reason for refusing to award them being the number one competitor the actual contract. But that amounts to a complaint that the court should have directed an award. It's not directing the award if the agency has already decided that CNA is the number one choice but is disqualified because of this extraneous issue. And because the injunctive relief kept them in the running for that very work, they cannot also receive their proposal costs in the same order. That's the issue in the case. You're just restating your position. We might not agree. It doesn't seem like the best case to have appealed. If I were the strategist for the government, I think I would have looked for a different case to appeal to try to make the point. The key point here is that the trial court found that it was the very same piece of work that remained outstanding with the very same proposal and that's why Yes, Your Honor. We challenged CNA's standing when they filed their follow-on protest. There was a finding that the proposal was identical? Well, at that point the proposal was more of a hypothetical. But CNA submitted an affidavit saying we intend to submit the very same proposal. And the judge said that because it's the same outstanding So you're saying that your opponent's saying that there were different people doing the work in a different But what they told the trial court and what the trial court found was that it was going to be You said they submitted the same proposal. I thought that was what you were telling us, that what they submitted was the identical proposal. Right. I don't know what they actually submitted. I know that what they told the trial court was that they intended to submit the same proposal. All right. I think we have the arguments clearly in mind. We thank both counsel. We'll take the appeal under appraisal.